Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4893 | **DATE** | 12/17/2012 |
| **CASE TITLE** | Moore vs. Super Star Tour | | |

**DOCKET ENTRY TEXT**

Status hearing held on 12/11/2012 at 8:30 a.m. Plaintiff failed to appear. This case is dismissed with prejudice. Case is terminated. See statement section of this order for details.

■[ For further details see text below.]     Notices mailed by Judicial staff.

# STATEMENT

Lafayette Moore filed a *pro se* race discrimination complaint against Super Star Tour ("Super Star"), which Super Star moved to dismiss on the ground that it was not Moore's employer. The court granted the motion but allowed Moore to amend his complaint to name his employer and/or to plead facts that demonstrate that Super Star was his "de facto or indirect" employer because it "directed the discriminatory act, practice, or policy of which the employee is complaining." *Tamayo* v. *Blagojevich*, 526 F.3d 1074, 1088 (7th Cir. 2008) (internal quotation marks omitted); *see* Dkt. #16. Moore filed an amended complaint (dkt. #19)[1] which contains more problems than the first. Moore's amended complaint (dkt. #19) is dismissed and the case is terminated. (The court held a status hearing on 12/11/2012 at 8:30 a.m. at which time Moore failed to appear and the court announced its intention to dismiss on the record at that time. The reasons are explained below.)

Super Star remains the only party Moore has named as a defendant and properly served. (*See* Dkt. #7.) Moore's amended complaint largely alleges the same facts that the court found deficient in his original complaint. Moore alleges that Melanie, a greeter for Super Star, wrote a letter of termination to his supervisor Jennifer Gregory (who presumably worked for Royal Excursion, but this fact is not alleged), and Moore was thereafter terminated. These limited facts do not plausibly suggest that Super Star was Moore's "defacto or indirect" employer. As such, the complaint is dismissed against Super Star.[2]

Moore makes additional allegations in his amended complaint against Royal Excursion, the company that hired him as a shuttle bus operator in November 2011. (*See* Am. Compl. ¶ 3.) But Moore has not named Royal Excursion as a defendant in this case nor has he served Royal Excursion. Moreover, the notice of right to sue attached to Moore's original complaint suggests that Moore filed a charge with the Equal Employment Opportunity Commission ("EEOC") against Super Star rather than Royal Excursion.[3] As Moore is undoubtedly aware, he must first exhaust his administrative remedies with the EEOC before filing a lawsuit

| STATEMENT |
|---|
| in federal court.  There is no indication from Moore's filings that he filed a charge against Royal Excursion.  If he did, if he has received a notice of right to sue, and if not more than 90 days have passed since that receipt, Moore may file another law suit naming Royal Excursion.  For these reasons, this complaint is dismissed and the case is terminated. |

    1.  The court will treat dkt. #19 as Moore's amended complaint although it is captioned "Aiding and Abetting" and is brought pursuant to 18 U.S.C. § 2, a criminal statute that is not applicable here.

    2.  To the extent that Moore is attempting to allege a claim for intentional infliction of emotional distress against Super Star, *see* Am. Compl. ¶ 6, the court concludes that this claim is not viable based on the limited facts contained in the complaint.

    3.  Super Star, not Royal Excursion, is carbon copied on the notice of right to sue.  Moore has not submitted a copy of the charge he filed with the EEOC, but the court will infer from the notice of right to sue that he filed a charge against Super Star.